ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUL 30 2004
CLERK, U.S. DISTRICT COURT
By _____
        Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BRUCE FREEMAN-CANADY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 3:04-CV-0216-M |
| | ) (No. 3:02-CR-006-M) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the United States District Court for the Northern District of Texas, this case has been referred to the United States Magistrate Judge.

Bruce Freeman-Canady ("Petitioner") is a federal prisoner currently incarcerated in a federal correctional institute in Florida. Respondent is the United States of America. Petitioner seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The findings, conclusions, and recommendation of the Magistrate Judge follow:

### Statement of the Case

Petitioner entered a plea of guilty to count one of a two-count indictment charging him with conspiracy to possess with intent to distribute in excess of 50 kilograms marijuana on April 24, 2002. On January 29, 2003, Petitioner was sentenced to 84 months' imprisonment and

a three-year term of supervised release. Petitioner did not appeal to the United States Court of Appeals for the Fifth Circuit. His § 2255 motion was timely filed on February 3, 2004.

## Issues

Petitioner raises six claims of ineffective assistance of counsel. However, in the plea agreement, Mr. Freeman-Canady waived his right to challenge his conviction in any post-conviction proceeding under 28 U.S.C. § 2255. The terms of the plea agreement in which Petitioner waived his right to bring a § 2255 motion provide:

### Waiver of Appeal

7. The defendant hereby expressly waives the right to appeal his sentence on any ground, except as specified in the next paragraph, including any appeal right conferred by Title 18, United States Code, § 3742, and the defendant further agrees not to contest his sentence in any post-conviction proceeding, including but not limited to a proceeding under Title 28, United States Code, § 2255.

The defendant, however, reserves the right to appeal the following: any punishment imposed in excess of a statutory maximum, a claim of ineffective assistance of counsel, and any punishment to the extent it constitutes an upward departure from the guideline range deemed most applicable by the sentencing court.

In his § 2255 motion, Petitioner does not oppose or challenge the waiver of his right to bring an action under 28 U.S.C. § 2255. The plea agreement waived his right to bring such a post-conviction motion. Petitioner did not appeal his sentence and conviction on any of the grounds he reserved. His right to bring an appeal to the Fifth Circuit Court of Appeals is different from his waiver of the right to bring this action. *See United States v. White*, 307 F.3d 336, 339 (5th Cir. 2002). Unequivocally, Mr. Freeman-Canady waived his right to challenge his conviction under 28 U.S.C. § 2255. The waiver is valid and is enforceable and, as a result, this court need not further address the merits of his claims. *See White*, 307 F.3d at 339.

## RECOMMENDATION

This Court recommends that the motion to vacate sentence pursuant to 28 U.S.C. § 2255, filed by Mr. Bruce Freeman-Canady, be dismissed with prejudice.

Signed this 29 day of July, 2004.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE